### MASON *v.* JONES and others.

Where the amount to be paid to an annuitant is allowed by the will to be increased at the discretion of the executor, the court will not interfere to compel any such increase where he does not act *mala fide.* Nor can he be compelled to continue any increase which he may at one time have volunteered.

*1841.*

MASON
*v.*
JONES.

*Nov.* 1,
1841.

*Will.*
*Annuitant.*
*Discretion-*
*ary power.*

THE bill in this case was filed by James Mason, one of the children of John Mason deceased, to set aside his father's will, in which the complainant, as well as his brothers, was left an annuity and wherein the executors had a discretionary power to increase it. At first, the executors paid him one-eighth part of the nett income of the testator's estate; which was much more than the fixed amount of the annuity; but after this they reduced it to the original amount mentioned by the testator and refused, in their discretion, to increase it. The annuities granted by the will had been allowed to be paid during the pendency of the suit. The complainant, James Mason, now presented a petition, showing that the wants of his family required that the annuity should be increased; that his conduct would justify it; insisted that, as the executors had once used their discretion and in doing so increased the amount of annuity, therefore they were bound by it and could not retract or arbitrarily revoke the appointment of amount before made; and prayed that they might be directed to pay him one equal eighth part of the nett income and so continue to pay.

Mr. *Robertson* and Mr. *George Wood,* for the petitioners.

Mr. *Bidwell* and Mr. *Lord,* in opposition.

*March* 8,
1842.

THE VICE-CHANCELLOR :—The cases of *Pink* v. *De Thui-sey,* 2 Madd. C. R. 157; *French* v. *Davidson,* 3 Ib. 396 and *Walker* v. *Walker,* 5 Ib. 424, contain principles which are applicable to the present case. The court of chancery has no right to interfere with an executor or trustee in relation to a power or trust where the execution or performance is left to the discretion of the executor or trustee as a matter of opinion or judgment and where he is to do the act or not as he may think best. The reasons are obvious enough. It would be assuming an authority, says the Vice-Chancellor, in one of the cases cited, which is confided by the will to the discretion of the executor. It would be to make a new will for the testator, instead of expounding his own.

The will in the present case fixes the amount of the annuities which are to be paid at all events. So far the gift is absolute, but beyond those amounts it is conditional and entirely

discretionary with the trustees. The language of the will is: "and I do hereby give to the trustees, &c. full discretionary power to increase said annuities respectively during the lifetime of the annuitants, &c." And this is a power to be discreetly exercised, not merely with a view to the necessities or benefits of the immediate annuitants, but with a view to the rights of their children and others for whose benefit the surplus of the nett income of certain shares of the estate are to accumulate. This is a power which the trustees must be left to exercise uncontrolled by this or any other court so long as it does not appear that they act *mala fide* in their refusal to increase the annuities.

But it is said that, having once paid the nett income of the trust shares of the estate to the annuitants, the trustees have made their election to pay increased annuities ; and are not at liberty, now, to retract or alter. The affidavits of the trustees deny that they thereby intended to make a permanent increase ; and I see nothing in the act itself to bind them to do so or to deprive them of the right still to withhold increased allowance if they really and in good faith think it most discreet and proper.

There are, moreover, other difficulties in the way of this application, even if I thought it was competent for the court to interfere with the discretionary power of the trustees. The object of the bill in this suit is to set aside the trusts of the will under which the annuities are payable as being contrary to law ; and the object of the petition is to enforce the trust by compelling the trustees to exercise a power under it. Hence the objection of the incompatibility of the motion with the object of the suit and that no such order as is asked for can be made in this cause. There is force in this objection; and although the court has already made one order in relation to payment of the annuities and sanctioned such payment by the trustees without prejudice, in which they have acquiesced as by consent, it would I think be improper to make a further order in this stage of the suit which would seem to be so inconsistent with the object of it.

Motion denied, with costs to be taxed.